Nicholson, C. J.,
delivered the opinion of the- court:
These cases are for one and the same cause of action. Both are suits against Brinkley as indorser of the same note.
It is moved that they be heard together. This cannot be done against the objection of counsel of Brinkley. Both causes are here by writ of error — the first by bond, his suit having been dismissed by the court; the other by Brinkley, judgment having been rendered against him in the second suit.
But Brinkley brings the second suit here by writ of error and supersedeas, and it is now moved that the supersedeas be discharged and the writ of error dismissed. This motion is legitimate, and raises the question whether there is any error in the judgment in the second suit.
The declaration contained three counts — one against *576 Brinkley as indorser of tbe note, stating tbe making of the note and its indorsement by Brinkley, and that demand of payment of tbe maker bad been made, and notice given Brinkley, profert is made of tbe note, but no special profert of tbe indorsement.
Tbe other two counts aver that Brinkley indorsed tbe note, and guaranteed tbe solvency of tbe maker, with other averments as to tbe maker’s insolvency.
Judgment by default was taken against Brinkley for want of pleas and apiiearance, and judgment rendered without a jury for tbe amount of the note and interest.
Several errors are assigned for reversal of tbe judgment, but there are only two or three which we deem it proper to notice.
1st. It. is said that tbe declaration is fatally defective, because special profert is not made ’of tbe indorsement. Tbe note is properly described with its indorsement, and profert is made of the note. This is in strict conformity Avitb tbe form of a declaration by indorser against in-dorsee in tbe Code. [Shannon’s Code, sec. 4660 (2) ]. Tbe indorsement is part of tbe note, and profert of tbe note is profert of tbe indorsement.
2d. It is said that tbe judgment by default is erroneous because it appears upon tbe face of tbe declaration that tbe statute of limitations bad barred tbe action. In Allen v. Word, 6 Hum., 284, it is decided that “tbe statute of limitations in a suit at law must be pleaded, and this whether tbe cause of action as stated appears to be barred or not; because tbe plaintiff may reply and prove a subsequent promise to pay tbe debt.”
3d. It is said that it was error in tbe court to enter up judgment upon tbe default without a jury. Tbe judgment was properly rendered without a jury on the first count. By tbe default everything averred in tbe declaration to fix tbe liability of tbe indorser was settled, and thereby. tbe indorser was liable for tbe note and interest thereon. This *577 is sufficient to support tbe judgment without looking to the other two counts.
"Without noticing in detail the other errors assigned, we are satisfied that none of them are tenable, and, therefore, that there is no error. The writ of error will be dismissed and the supersedeas discharged.
As to the suit No. 238 [the first case], we are of opinion that plaintiff is in no condition to contest the correctness of the judgment of dismissal, and the same is affirmed.